IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
LISA McCARTHY ABATE,              *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *     CV 115-019
                                  *
NGM INSURANCE COMPANY, formerly   *
known as NATIONAL GRANGE MUTUAL   *
INSURANCE COMPANY,                *
                                  *
     Defendant.                   *
```

**O R D E R**

Presently pending before the Court is Plaintiff Lisa McCarthy Abate's Motion to Remand. (Doc. 12.) For the reasons set forth below, this motion is **GRANTED**.

**I. BACKGROUND**

On November 14, 1982, Mrs. Abate was "severely injured in an automobile wreck" and, as a result, brought suit against Seafood Farms, Inc. for injuries sustained in that accident. (Compl., Doc. 1, Ex. A, ¶ 3.) National Grange Mutual Insurance Company, presently known as NGM Insurance Company (collectively "NGM") provided liability insurance to Seafood Farms, Inc. and resolved Mrs. Abate's claims by entering into a contract obligating itself to make annual and monthly payments to her through June 25, 2025 or the remainder of her life, whichever is longest. (Id. ¶¶ 3-4.) As of July 2013, the monthly obligation was $5,097.73 per month and was to be increased by four percent every July. (Id. ¶ 4.) Mrs.

Abate alleges that NGM "sought to fund its liability to [her] by purchasing an annuity from Executive Life Insurance Company of New York ["ELNY"], with [NGM] as the owner of the annuity and Mrs. Abate as the annuitant." (Id. ¶ 5; Doc. 13, Ex. 3.) ELNY ultimately became insolvent and was placed under the receivership of New York, which Mrs. Abate alleges was a consequence of it "aggressively marketing annuities at discounted prices that it funded by purchasing high risk, junk bonds . . . ." (Compl. ¶¶ 6, 10.) The annuity has since been managed by Guaranty Association Benefits Company and, beginning in August 2013, the benefits to Mrs. Abate have been reduced by 40.76 percent.[1] (Id. ¶ 11.)

Ms. Abate filed her complaint against NGM in the State Court of Richmond County, Georgia alleging that the reduction of payments owed by ELNY does not impair Defendant's obligations under the settlement. (Id. ¶ 12) Accordingly, Mrs. Abate seeks to recover from NGM the difference between the full monthly amount owed under the 1982 settlement agreement and that already paid by ELNY. As of the date of her complaint, Mrs. Abate alleges that the total amount owed is $52,062.87. (Id. ¶ 13.) NGM denies that it is liable to Mrs. Abate.

NGM removed this action on February 3, 2015, which prompted the instant motion to remand.

---

[1] According to Defendant, on April 16, 2012, a judge of the Supreme Court of New York, Nassau County "issued an Order of Liquidation and Restructuring Agreement declaring ELNY insolvent and adopting a schedule of payments for all ELNY's policies." (Doc. 13 at 2 & Ex. 4.)

2

## **II. LEGAL STANDARD**

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). The district court may exercise original jurisdiction where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, the parties do not dispute that they are citizens of different states; the only question is whether the amount in controversy has been satisfied.

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The weight of this burden, however, "varies based on the allegations in the state court complaint." Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009). Where, as here, the "plaintiff's complaint pleads damages less than $75,000, then the defendant's burden of proof is a heavy one, and the pleading, 'when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth.'" Id. (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, 31 F.3d at 1095.

## III. DISCUSSION

Mrs. Abate's prayer for relief is clear and specific: she seeks $52,062.87 — the deficiency in payments leading up to the filing of her Complaint. Moreover, she repeatedly states that she does not seek any damages that may occur in the future. (Doc. 12-1 at 2 ("The Complaint does not include any allegation of anticipatory future breach nor does the suit seek recovery of damages for any breach that may occur in the future."); Id. ("There is no claim for general damages."); Id. at 3 ("Possible future claims are not at issue in this case."); Doc. 15 at 2 ("[Mrs. Abate] has sued only for the present deficiencies in payments.").) NGM responds that, the plain language of the Complaint and Mrs. Abate's representations notwithstanding, the value of the entire contract, which will remain in effect until at least 2025, will continue to suffer the same 40.76 percent reduction in monthly payments. (Doc. 13 at 7-8.) Thus, because NGM denies liability, Mrs. Abate's damages will continue to accrue and "the amount-in-controversy is actually[] the total value of the reduced annuity contract as a whole." (Id. at 8.)

As the Eleventh Circuit has held, the plaintiff is the master of her complaint. Burns, 31 F.3d at 1095. Indeed, "if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Id. (quoting WRIGHT & MILLER, 14A FEDERAL PRACTICE AND PROCEDURE § 3702). Against this exceedingly high burden, NGM offers no additional evidence, save documentation of its assignment to ELNY, the New York Supreme Court's Order of Liquidation, and correspondence between the

4

Guaranty Association Benefits Company and Mrs. Abate. (Doc. 13, Exs. 3-6.) Although this documentation does support both parties' representations regarding the reduction in benefits from ELNY, it does nothing to counter Mrs. Abate's insistence on seeking only $ 52,062.87 in damages from NGM. The Court understands that the total liability under the settlement agreement could potentially exceed $75,000, but NGM's speculation about future damages does not overcome Mrs. Abate's claim for damages accrued through December 2014 only. Accordingly, the Court is bound by the terms of Mrs. Abate's prayer for relief and finds that NGM has not met its burden of showing, "to a legal certainty," that Mrs. Abate's claim exceeds the jurisdictional minimum. See Burns, 31 F.3d at 1095.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (doc. 12) is hereby **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the State Court of Richmond County, Georgia. The Clerk is further directed to **TERMINATE** all motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA